**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNI ECHEVERRIA-CORZAN and LAURA DENIZ and, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>WATERWIPES (USA) INC.,<br><br>                  Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT; FALSE ADVERTISING; FRAUD, DECEIT, AND/OR MISREPRESENTATION; UNFAIR BUSINESS PRACTICES; AND UNJUST ENRICHMENT<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. Plaintiffs Laura Deniz and Sonni Echeverria-Corzan ("Plaintiffs"), by and through their counsel, bring this Class Action Complaint against Defendant WaterWipes (USA) Inc. ("Defendant"), on behalf of themselves, the general public, and those similarly situated, to seek redress for Defendant's deceptive and unlawful practices in labeling and marketing its Water Wipes brand baby and adult care wipes labeled with "Just 2 ingredients," when in fact the Products contain a third harsh chemical ingredient.

2. Intending to profit from parents' desire for safe products for their babies and children, Defendant deceptively markets its Water Wipes brand wipes as containing "Just 2 ingredients," alongside the claims "99.9% water" and "a drop of fruit extract." However, the Products do not contain "Just 2 ingredients," and instead include a third ingredient, a preservative called benzalkonium chloride which studies have shown can irritate the skin, cause toxicity, disrupt skin microbiome, and even promote antibiotic resistance. Harsh chemical ingredients such as benzalkonium chloride that cause health and skin issues are the exact reasons that parents purchase a product which claims to only containing "Just 2 ingredients" "99.9% water" and "a drop of fruit extract."

3. Reasonable consumers expect that a Product that claims to have "Just 2 ingredients" alongside the claims "99.9% water" and "a drop of fruit extract" to only have two ingredients: water and fruit extract. They pay a price premium to obtain the benefits of a safe and clean Product to use on their babies' skin, and would not purchase the Product, or would have paid less for it if they knew that the Products actually contain a preservative which may cause numerous health issues for babies and children.

**PARTIES**

4. Plaintiff Sonni Echeverria-Corzan ("Plaintiff Echeverria-Corzan") is, and at all times alleged in this Class Action Complaint was, and individual and resident of Oakland, California. Plaintiff Echeverria-Corzan makes her permanent home in California and intends to remain in California.

5.      Plaintiff Linda Deniz ("Plaintiff Deniz") is, and at all times alleged in this Class Action Complaint was, and individual and resident of Madera, California. Plaintiff Deniz makes her permanent home in California and intends to remain in California.

6.      Defendant Water Wipes (USA) Inc. ("Defendant") is a corporation organized and existing under the laws of the State of North Carolina, having its principal place of business in Portsmouth, New Hampshire.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2). The aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and Plaintiffs and Defendant are citizens of different states.

8.      The injuries, damages and/or harm upon which this action is based, occurred or arose out of activities engaged in by Defendant within, affecting, and emanating from, the State of California. Defendant regularly conducts and/or solicits business in, engages in other persistent courses of conduct in, and/or derive substantial revenue from products provided to persons in the State of California. Defendant has engaged, and continues to engage, in substantial and continuous business practices in the State of California.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the state of California, including within this District.

10.     In accordance with California Civil Code Section 1780(c), Plaintiff Echeverria-Corzan concurrently files herewith a declaration, attached as Exhibit A, establishing that, at various times throughout the class period including in or around April 2025, Plaintiff Echeverria-Corzan purchased Water Wipes baby wipes at a Target in Emeryville, California.

11.     Plaintiffs accordingly allege that jurisdiction and venue are proper in this Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUBSTANTIVE ALLEGATIONS

**A.    Defendant Deceptively Markets and Sells Water Wipes Labeled as "Just 2 ingredients".**

12.    Defendant manufactures, markets, advertises, and sells Water Wipes brand baby wipes and adult wipes labeled with "Just 2 ingredients" (collectively, the "Water Wipes" or the "Products"). Water Wipes are widely available for purchase in supermarkets, drug stores, and other retailers, such as Walmart, Target, King Soopers, Safeway, Walgreens, and Kroger. Defendant also sells the Water Wipes on online retailers' websites such as Amazon.com, Walmart.com, and Vitacost.com.

13.    Defendant prominently claims on the front of the Water Wipes product packages that they contain "Just 2 ingredients" alongside the claims "99.9% water" "& a drop of fruit extract." The claims appear prominently on the front label as shown in the photo below depicting the front of a 720-count pack of Water Wipes:



14.    Reasonable consumers understand "Just 2 ingredients" to mean that the Products contain only two ingredients. The Products' front label confirms this understanding by stating that the Products only contain two ingredients, "99.9% water" "& a drop of fruit extract." Indeed, Defendant represents in many of its marketing materials that the Products contain only two

ingredients. For example, on its website, Defendant touts "[a]t WaterWipes, we're proud to create the world's purest baby wipes made with just two ingredients and designed to be gentle on delicate skin."[1]

15.    Defendant intends for consumers to understand that the Water Wipes contain "Just 2 ingredients," i.e., "99.9% water" and "a drop of fruit extract." For example, Defendant advertises and purportedly distinguishes itself from competitors on its Amazon storefront by falsely informing consumers that the Water Wipes contain "just 2 ingredients." An example of Defendant's advertising is shown below:[2]



16.    However, the Products also contain a third ingredient, a harsh chemical disinfectant called benzalkonium chloride.

---

[1] *See* www.waterwipes.com (last accessed August 14, 2025).
[2] WaterWipes Store, Water Wipes 720-Count, Amazon, https://a.co/d/j5qBLLN (last accessed on August 6, 2025).

**B.    Benzalkonium Chloride Is a Harsh Chemical that Presents Health Risks.**

17.    Benzalkonium chloride is a well-known skin irritant and can lead to numerous health issues including contact dermatitis, which causes skin to become red, itchy, dry, or scaly, and may also blister or peel.[3]

18.    Recent studies confirm that benzalkonium chloride is particularly problematic for the pediatric population, and is considered a "sensitizer."[4] A sensitizer is a substance that can cause an allergic reaction in individuals upon repeated exposure, even if the initial exposure causes little or no reaction. This allergic reaction, known as sensitization, occurs when the body's immune system develops a heightened sensitivity to the substance. Subsequent exposures, even to small amounts, can trigger a more severe allergic response.[5] Thus, the repeated exposure of even a small amount of benzalkonium chloride can lead to a lifetime of skin problems.

19.    Because benzalkonium chloride can trigger allergies, it has been identified as worthy of more safety research by the California Department of Toxic Substance Control and several nonprofit advocacy groups, including the Campaign for Safe Cosmetics and Women's Voices for the Earth.[6] A recent study of baby wipes by Consumer Reports also identified benzalkonium chloride as a "quat," or quaternary ammonium compound, that raises safety questions.[7]

20.    Further studies have shown benzalkonium chloride can promote antibiotic resistance. *See* Minjae Kim, Michael R Weigand, Seungdae Oh, *Widely Used Benzalkonium Chloride Disinfectants Can Promote Antibiotic Resistance*, September 2018, https://pubmed.ncbi.nlm.nih.gov/29959242/ (last accessed August 6, 2025).

---

[3] *See* Felmingham, C., Nixon, R., Oakley, A., *Benzalkonium chloride contact dermatitis*, August 2019, https://dermnetnz.org/topics/benzalkonium-chloride-contact-dermatitis (last accessed August 6, 2025).

[4] Darrigade AS, Léauté-Labrèze C, Boralevi F, Taïeb A, Milpied B. *Allergic contact reaction to antiseptics in very young children*. J Eur Acad Dermatol Venereol. 2018 Dec;32(12):2284-2287. doi: 10.1111/jdv.15140. Epub 2018 Jul 31. PMID: 29920802.

[5] *See* OSHA, Guidance for Hazard Determination, https://www.osha.gov/hazcom/ghd053107.

[6] Consumer Reports, *How to Choose Baby Wipes Without Harmful Chemicals*, Feb. 3, 2025, available at https://www.consumerreports.org/babies-kids/baby-wipes/how-to-choose-baby-wipes-without-harmful-chemicals-a1051850790/ (last accessed August 14, 2025).

[7] *Id.*

... 

1    21.    Indeed, consumers are experiencing rashes after using the Products, as indicated

2    from reviews on Amazon:



**C.    Defendant's Back Label Disclosure Is Insufficient.**

22.    At some point during the class period, Defendant added a back label disclaimer

via an asterisk in the ingredient list. The asterisk discloses the presence of benzalkonium chloride

in small font.

23.    Below is an image of the back label, followed by a zoomed in image of the

ingredient statement:

CLASS ACTION COMPLAINT



24.    A reasonable consumer would not read the back label before purchasing. The front label claim "Just 2 ingredients" alongside "99.9% water" "& a drop of fruit extract" is unambiguous: the product contains two ingredients: 1) water and 2) fruit extract. Nor would a reasonable consumer be expected to read the fine print disclosures about the ingredients. This is especially true where the front label makes claims about the ingredients, i.e., that there are only two and they are water and "a drop of fruit extract."

25.    A reasonable consumer would not expect there to be traces of a harsh chemical in the "fruit extract" that is claimed on the front label. A fruit extract is a concentrated form of the useful parts of fruit and can be used in food and supplements. A grapefruit seed extract is typically made by grinding up grapefruit seeds and pulp from which compounds are extracted and then concentrated into an extract. Neither fruit extract nor grapefruit seed extract naturally contain benzalkonium chloride. Thus, benzalkonium chloride is in fact a third ingredient.

26.    As shown in Defendant's comparative marketing of the Water Wipes, Defendant knows that consumers will be more likely to purchase the Products if they believe that the wipes contain minimal ingredients and no preservatives as compared to its competitors. Thus, Defendant intends for consumers to rely on the representations that the Water Wipes contain "Just 2 ingredients."

**D.      Defendant Has Misled Consumers to Increase Its Profits.**

27.      Defendant's labeling and marketing campaign has been extremely successful. Water Wipes is a popular brand, and it is sold in grocery stores and big box stores throughout the country. Since 2017, Defendant's Compound Annual Growth Rate ("CAGR") has been over 20%. In courting investors in 2024, Defendant emphasized that "WaterWipes' products are 99.9% water and made from only two natural ingredients."[8]

28.      Because of the big potential for sales, Defendant has no incentive to stop selling the Products or to change its packaging or add reasonable disclaimers for fear of discouraging sales.

## PLAINTIFFS' EXPERIENCES

**Laura Deniz**

29.      On multiple occasions, including on or about June 2024 and January 2025, Plaintiff Deniz purchased the Product from her local Walmart store in Fresno and Madera, California. Plaintiff Deniz relied on Defendant's labeling that the Water Wipes contained "Just 2 ingredients" alongside "99.9% water" "& a drop of fruit extract." Plaintiff Deniz did not read the ingredient label on the back of the Product before purchasing.

30.      As a result of Defendant's false and deceptive two ingredient claims, the Products have no, or at a minimum, a much lower value to Plaintiff Deniz.

31.      Plaintiff Deniz not only purchased the Products because they claimed to only contain two ingredients, but she also paid more money for the Products than she would have paid for them if they did not contain the two ingredient claims.

32.      Had Defendant not fraudulently and deceptively labeled the Products, Plaintiff Deniz would not have purchased them, or at a minimum, she would have paid less for the Products.

33.      Plaintiff Deniz continues to desire to purchase the Products, including those marketed and sold by Defendant. If the Products did not contain fraudulent, deceptive, and

---

[8]   https://www.arrowpointadvisory.com/our-transactions/waterwipes-has-sold-a-majority-stake-to-3i-group-plc/#:~:text=WaterWipes'%20superior%20product%20quality%20has,international%20offline%20and%20online%20retailers.%E2%80%9D9D.

misleading labels, Plaintiff Deniz would likely purchase the Products again in the future. Plaintiff Deniz regularly shops at stores and online retailers where the Products and other wipes are sold.

**Sonni Echeverria-Corzan**

34.    On several occasions, including on or around April 2025, Plaintiff Echeverria-Corzan purchased the Product from Target in Emeryville, California. Plaintiff Echeverria-Corzan relied on Defendant's labeling that the Water Wipes contained "Just 2 ingredients" alongside "99.9% water" "& a drop of fruit extract." Plaintiff Echeverria-Corzan purchased the wipes for her newborn children because she believed the Water Wipes only contained two ingredients: water and fruit extract. Plaintiff Echeverria-Corzan did not read the ingredient label on the back of the Product before purchasing.

35.    As a result of Defendant's false and deceptive two ingredient claims, the Products have no, or at a minimum, a much lower value to Plaintiff Echeverria-Corzan.

36.    Plaintiff Echeverria-Corzan not only purchased the Products because they claimed to only contain two ingredients, but she also paid more money for the Products than she would have paid for them if they did not contain the two ingredient claims.

37.    Had Defendant not fraudulently and deceptively labeled the Products, Plaintiff Echeverria-Corzan would not have purchased them, or at a minimum, she would have paid less for the Products.

38.    Plaintiff Echeverria-Corzan continues to desire to purchase the Products, including those marketed and sold by Defendant. If the Products did not contain fraudulent, deceptive, and misleading labels, Plaintiff Echeverria-Corzan would likely purchase the Products again in the future. Plaintiff Echeverria-Corzan regularly shops at stores and online retailers where the Products and other wipes are sold.

## CLASS ALLEGATIONS

39.    Plaintiffs bring this class action lawsuit on behalf of themselves, the general public, and those similarly situated, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiffs seek to represent the following groups of similarly situated persons, defined as follows:

**Class:** All persons in the United States who purchased Water Wipes with a "Just 2 ingredients" representation from August 28, 2021 through present (the "Class").

**California Subclass:** All Class members who purchased the Water Wipes with a "Just 2 ingredients" representation in the State of California (the "California Subclass" or "Subclass").

40.     This action has been brought and may properly be maintained as a class action against Defendant because there is a well-defined community of interest in the litigation and the proposed Class and Subclass are easily ascertainable.

41.     Numerosity: Plaintiffs do not know the exact size of the Class, but it is estimated that they are each composed of more than 100 persons. The persons in the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

42.     Common Questions Predominate: This action involves common questions of law and fact to the potential class and subclasses because each Class member's claim derives from the deceptive, unlawful and/or unfair statements and omissions that led consumers to believe that the Water Wipes contained "Just 2 ingredients." The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover. Among the questions of law and fact common to the Class are:

a.  Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are false, deceptive, and/or unlawful;

b.  Whether Defendant's actions violate Federal and California laws invoked herein;

c.  Whether labeling the Products with "Just 2 ingredients" causes the Products to command a price premium in the market;

d.  Whether Defendant's advertising and marketing regarding the Products was likely to deceive reasonable consumers;

    e.   Whether representations regarding the ingredient makeup of the Products are material to a reasonable consumer;

    f.   Whether Defendant engaged in the behavior knowingly, recklessly, or negligently;

    g.   The amount of profits and revenues earned by Defendant as a result of the conduct;

    h.   Whether class members are entitled to restitution, injunctive and other equitable relief and, if so, what is the nature (and amount) of such relief; and

    i.   Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

43. Typicality: Plaintiffs' claims are typical of the Class because they purchased Water Wipes in the last year, in reliance on Defendant's misrepresentations and omissions that the Water Wipes contain "Just 2 ingredients." Thus, Plaintiffs and Class members sustained the same injuries and damages arising out of Defendant's conduct in violation of the law. The injuries and damages of each Class member were caused directly by Defendant's wrongful conduct in violation of law as alleged.

44. Adequacy of Representation: Plaintiffs will fairly and adequately protect the interests of all Class members because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for the unfair and illegal conduct of which they complain. Plaintiffs also have no interests that are in conflict with or antagonistic to the interests of Class members. Plaintiffs have retained highly competent and experienced class action attorneys to represent their interests and the interests of the Class. By prevailing on their own claims, Plaintiffs will establish Defendant's liability to all Class members. Plaintiffs and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and counsel are aware of their fiduciary responsibilities to the Class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

45.     Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

46.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## PLAINTIFFS' FIRST CAUSE OF ACTION
**(Violation of the Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq.)**
**On Behalf of Themselves and the California Subclass**

47.     Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

48.     Plaintiffs and other Subclass members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

49.     The Water Wipes Products that Plaintiffs (and other similarly situated Subclass members) purchased from Defendant were "goods" within the meaning of California Civil Code § 1761(a).

50.     Defendant's actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

51.     Defendant's act and practices, set forth in this Class Action Complaint, led Plaintiffs and other similarly situated consumers to falsely believe that the Products contained

"Just 2 ingredients" "99.9% water" and "a drop of fruit extract." By engaging in the actions, representations, and conduct set forth in this Class Action Complaint, Defendant has violated and continues to violate, § 1770(a)(2), § 1770(a)(5), § 1770(a)(7), § 1770(a)(8), and § 1770(a)(9) of the CLRA. In violation of California Civil Code § 1770(a)(2), Defendant's acts and practices constitute improper representations regarding the source, sponsorship, approval, or certification of the goods they sold. In violation of California Civil Code §1770(a)(5), Defendant's acts and practices constitute improper representations that the goods they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have. In violation of California Civil Code § 1770(a)(7), Defendant's acts and practices constitute improper representations that the goods it sells are of a particular standard, quality, or grade, when they are of another. In violation of California Civil Code § 1770(a)(8), Defendant has disparaged the goods, services, or business of another by false or misleading representation of fact. In violation of California Civil Code § 1770(a)(9), Defendant has advertised goods or services with intent not to sell them as advertised. Specifically, in violation of sections 1770 (a)(2), (a)(5), (a)(7) and (a)(9), Defendant's acts and practices led consumers to falsely believe that the Water Wipes contained "Just 2 ingredients" "99.9% water" and "a drop of fruit extract." In violation of § 1770(a)(8), Defendant falsely or deceptively marketed and advertised that, unlike products not specifically denominated as containing "Just 2 ingredients" "99.9% water" and "a drop of fruit extract."

52.    Plaintiffs request that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendant is not restrained from engaging in these types of practices in the future, Plaintiffs and the other members of the California Subclass will continue to suffer harm.

53.    Plaintiffs provided Defendant with notice and demand that Defendant correct, repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein. Despite receiving the aforementioned notice and demand, Defendant failed to do so in that, among other things, it failed to identify similarly situated customers, notify them of their right to correction, repair, replacement or other remedy, and/or to provide that remedy. Accordingly, Plaintiffs seek, pursuant to California Civil Code § 1780(a)(3), on behalf of

themselves and those similarly situated class members, compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendant's acts and practices.

54.    Plaintiffs also request that this Court award their costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

**PLAINTIFFS' SECOND CAUSE OF ACTION**
**(False Advertising, Business and Professions Code § 17500, et seq. ("FAL"))**
**On Behalf of Themselves and the and the California Subclass**

55.    Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

56.    Beginning at an exact date unknown to Plaintiffs, but within three (3) years preceding the filing of the Class Action Complaint, Defendant made untrue, false, deceptive and/or misleading statements in connection with the advertising and marketing of the Water Wipes.

57.    Defendant made representations and statements (by omission and commission) that led reasonable consumers to believe that they were purchasing products that contained "Just 2 ingredients" "99.9% water" and "a drop of fruit extract." Defendant deceptively concealed that the Products contain a preservative which can lead to health issues which consumers are seeking to avoid.

58.    Plaintiffs and those similarly situated relied to their detriment on Defendant's false, misleading and deceptive advertising and marketing practices. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation, refraining from purchasing Water Wipes or paying less for them.

59.    Defendant's acts and omissions are likely to deceive reasonable consumers and the general public.

60.    Defendant engaged in these false, misleading and deceptive advertising and marketing practices to increase its profits. Accordingly, Defendant has engaged in false advertising, as defined and prohibited by §§ 17500, et seq. of the California Business and Professions Code.

61.     The aforementioned practices, which Defendant has used, and continues to use, to its significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors as well as injury to the general public.

62.     As a direct and proximate result of such actions, Plaintiffs and the other members of the California Subclass have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiffs and those similarly situated paid a price premium for the Water Wipes, i.e., the difference between the price consumers paid for the Water Wipes and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

63.     Plaintiffs seek equitable relief, including restitution, with respect to their FAL claims. Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiffs make the following allegations in this paragraph only hypothetically and as an alternative to any contrary allegations in their other causes of action, in the event that such causes of action will not succeed. Plaintiffs and the Subclass may be unable to obtain monetary, declaratory and/or injunctive relief directly under other causes of action and will lack an adequate remedy at law, if the Court requires them to show classwide reliance and materiality beyond the objective reasonable consumer standard applied under the FAL, because Plaintiffs may not be able to establish each Class member's individualized understanding of Defendant's misleading representations as described in this Complaint, but the FAL does not require individualize proof of deception or injury by absent class members. *See, e.g., Ries v. Ariz. Bevs. USA LLC*, 287 F.R.D. 523, 537 (N.D. Cal. 2012) ("restitutionary relief under the UCL and FAL 'is available without individualized proof of deception, reliance, and injury.'"). In addition, Plaintiffs and the Subclass may be unable to obtain such relief under other causes of action and will lack an adequate remedy at law, if Plaintiffs are unable to demonstrate the requisite mens rea (intent, reckless, and/or negligence), because the FAL imposes no such mens rea requirement and liability exists even if Defendant acted in good faith.

64.     Plaintiffs seek, on behalf of themselves and those similarly situated, a declaration that the above-described practices constitute false, misleading and deceptive advertising.

65.     Plaintiffs seek, on behalf of themselves and those similarly situated, an injunction to prohibit the sale of the Water Wipes within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove misrepresentation and to disclose the omitted facts. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that the Defendant will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which it was not entitled. Plaintiffs, those similarly situated and/or other consumers have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

**PLAINTIFFS' THIRD CAUSE OF ACTION**
**(Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code §§ 17200, et seq.)**
**On Behalf of Themselves and the California Subclass**

66.     Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

67.     Within four (4) years preceding the filing of this Class Action Complaint, and at all times mentioned herein, Defendant has engaged, and continues to engage, in unfair, unlawful and deceptive trade practices in California by engaging in the conduct outlined in this Complaint.

68.     Defendant has engaged, and continues to engage, in unfair practices as described herein, in violation of the Unfair Competition Law, California Business & Professions Code §§ 17200 et seq. (the "UCL"), by, without limitation, including "Just 2 ingredients" "99.9% water" and "a drop of fruit extract" on the Product labels and thereby selling Products that were not capable of being sold or held legally and which were legally worthless.

69.     Defendant has engaged, and continue to engage, in unlawful practices as described herein, in violation of the UCL, by, without limitation, violating the following laws: (i) the CLRA

as described herein; (ii) the FAL as described herein; and (iii) the Environmental Marketing Claims Act, Cal. Bus. & Prof. Code §§ 17580, et seq.

70.    Plaintiffs and those similarly situated relied to their detriment on Defendant's unlawful, unfair, and fraudulent business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendant, they would have acted differently by, without limitation: (i) declining to purchase the Products, (ii) purchasing less of the Products, or (iii) paying less for the Products.

71.    Defendant's acts and omissions are likely to deceive the general public.

72.    Defendant engaged in these deceptive and unlawful practices to increase its profits. Accordingly, Defendant has engaged in unlawful trade practices, as defined and prohibited by §§ 17200, et seq. of the California Business and Professions Code.

73.    As a direct and proximate result of such actions, Plaintiffs and the other members of the California Subclass have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiffs and those similarly situated, paid a price premium for the Water Wipes, i.e., the difference between the price consumers paid for the Water Wipes and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

74.    As a direct and proximate result of such actions, Defendant has enjoyed, and continue to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

75.    Plaintiffs seek, on behalf of themselves and those similarly situated, equitable relief, including restitution for the premium and/or the full price that Plaintiffs and others paid to Defendant as result of Defendant's conduct. Plaintiffs and the Subclass lack an adequate remedy at law to obtain such relief with respect to their "unfairness" claims in this UCL cause of action, because there is no cause of action at law for "unfair" conduct. Plaintiffs and the Class similarly

lack an adequate remedy at law to obtain such relief with respect to their "unlawfulness" claims in this UCL cause of action because the Federal laws and regulations referenced herein do not provide a direct cause of action, so Plaintiffs and the Subclass must allege those violations as predicate acts under the UCL to obtain relief.

76.    Plaintiffs also seek equitable relief, including restitution, with respect to their UCL unlawfulness claims for violations of the CLRA, FAL and their UCL "fraudulent" claims. Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiffs make the following allegations in this paragraph only hypothetically and as an alternative to any contrary allegations in their other causes of action, in the event that such causes of action do not succeed. Plaintiffs and the Subclass may be unable to obtain monetary, declaratory and/or injunctive relief directly under other causes of action and will lack an adequate remedy of law, if the Court requires them to show classwide reliance and materiality beyond the objective reasonable consumer standard applied under the UCL, because Plaintiffs may not be able to establish each Subclass member's individualized understanding of Defendant's misleading representations as described in this Complaint, but the UCL does not require individualized proof of deception or injury by absent class members. *See, e.g., Stearns v. Ticketmaster*, 655 F.3d 1013, 1020, 1023–25 (distinguishing, for purposes of CLRA claim, among class members for whom website representations may have been materially deficient, but requiring certification of UCL claim for entire class). In addition, Plaintiffs and the Subclass may be unable to obtain such relief under other causes of action and will lack an adequate remedy at law, if Plaintiffs are unable to demonstrate the requisite mens rea (intent, reckless, and/or negligence), because the UCL imposes no such mens rea requirement and liability exists even if Defendant acted in good faith.

77.    Plaintiffs seek, on behalf of themselves and those similarly situated, a declaration that the above-described trade practices are fraudulent and/or unlawful.

78.    Plaintiffs seek, on behalf of themselves and those similarly situated, an injunction to prohibit the sale of the Water Wipes within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove the misrepresentations and to disclose the omitted facts. Such misconduct by Defendant, unless and until enjoined and restrained by order of this

Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which it was not entitled. Plaintiffs, those similarly situated, and/or other consumers have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

### PLAINTIFFS' FOURTH CAUSE OF ACTION
**(Fraud, Deceit, and/or Misrepresentation)**
**On Behalf of Themselves and the Class**

79.   Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

80.   Defendant fraudulently and deceptively led Plaintiffs to believe that Water Wipes contained "Just 2 ingredients" alongside the claims "99.9% water" and "a drop of fruit extract."

81.   The representations and omissions were known exclusively to, and actively concealed by, Defendant, not reasonably known to Plaintiffs, and material at the time they were made. Defendant's unlawful statements concerned material facts that were essential to the analysis undertaken by Plaintiffs as to whether to purchase the Products. In misleading Plaintiffs and not so informing them, Defendant breached its duty to Plaintiffs. Defendant also gained financially from, and as a result of, its breach.

82.   Plaintiffs and those similarly situated relied to their detriment on Defendant's fraudulent misrepresentations and omissions. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation: (i) declining to purchase the Products, (ii) purchasing less of them, or (iii) paying less for the Products.

83.   By and through such fraud, deceit, misrepresentations and/or omissions, Defendant intended to induce Plaintiffs and those similarly situated to alter their position to their detriment. Specifically, Defendant fraudulently and deceptively induced Plaintiffs and those similarly situated to, without limitation, to pay a premium to purchase the Water Wipes.

84.     As a direct and proximate result of Defendant's unlawful representations, Plaintiffs and those similarly situated have suffered damages, including, without limitation, the amount they paid for the Products.

85.     Defendant's conduct as described herein was willful and malicious and was designed to maximize Defendant's profits even though Defendant knew that it would cause loss and harm to Plaintiffs and those similarly situated.

### PLAINTIFFS' FIFTH CAUSE OF ACTION
#### (Negligent Misrepresentation)
#### On Behalf of Themselves and the Class

86.     Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

87.     Defendant fraudulently and deceptively claimed "Just 2 ingredients" alongside "99.9% water" and "a drop of fruit extract" claims on the Product packages and led Plaintiffs to believe that the Water Wipes contained only two ingredients.

88.     These representations were material at the time they were made. They concerned material facts that were essential to the analysis undertaken by Plaintiffs as to whether to purchase the Water Wipes.

89.     Defendant made identical misrepresentations and omissions to all members of the Class regarding the Water Wipes.

90.     Defendant should have known the representations to be false and had no reasonable grounds for believing them to be true when they were made.

91.     By and through such negligent misrepresentations, Defendant intended to induce Plaintiffs and those similarly situated to alter their position to their detriment. Specifically, Defendant negligently induced Plaintiffs and those similarly situated to, without limitation, to purchase the Water Wipes.

92.     Plaintiffs and those similarly situated relied to their detriment on Defendant's negligent misrepresentations. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation, not purchasing (or paying less for) the Water Wipes.

93.     Plaintiffs, and those similarly situated, paid a price premium for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's false, deceptive and misleading advertising. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

**PLAINTIFFS' SIXTH CAUSE OF ACTION**
**(Unjust Enrichment)**
**On Behalf of Themselves and the Class**

94.     Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

95.     Plaintiffs and members of the Class conferred a benefit on the Defendant by purchasing the Products.

96.     Defendant has been unjustly enriched in retaining the revenues from Plaintiffs' and Class Members' purchases of the Products, which retention is unjust and inequitable, because Defendant falsely represented that the Products contain "Just 2 ingredients" alongside "99.9% water" and "a drop of fruit extract." This harmed Plaintiffs and members of the Class because they paid a price premium as a result.

97.     Because Defendant's retention of the non-gratuitous benefit conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and the Class members for its unjust enrichment, as ordered by the Court. Plaintiffs and those similarly situated have no adequate remedy at law to obtain this relief.

98.     Plaintiffs, therefore, seek an order requiring Defendant to make restitution to Plaintiffs and other members of the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, prays for respectfully requests that the Court enter judgment against Defendant as follows:

A.     Certification of the proposed Class and Subclass, including appointment of Plaintiffs' counsel as class counsel;

B.   An order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.   An award of compensatory damages in an amount to be determined at trial;

D.   An award of statutory damages in an amount to be determined at trial;

E.   An award of punitive damages in an amount to be determined at trial;

F.   An award of treble damages;

G.   An award of restitution in an amount to be determined at trial;

H.   An award of nonrestitutionary disgorgement of profits in an amount to be determined at trial;

I.   An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

J.   For reasonable attorney's fees and the costs of suit incurred; and

K.   For such further relief as this Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury.

Dated: August 28, 2025

**GUTRIDE SAFIER LLP**

*/s/ Seth A. Safier*
Seth A. Safier (State Bar No. 197427)
   seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
   marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
   hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*