Rohit A. Sabnis (SBN 221465)
**KELLER & HECKMAN LLP**
Three Embarcadero Center, Suite 1420
San Francisco, CA  94111
TEL: (415) 948-2800
FAX: (415) 948-2808
Email:  sabnis@khlaw.com

Attorneys for Defendant
WATERWIPES (USA), INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNI ECHEVERRIA-CORZAN and LAURA DENIZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WATERWIPES (USA), INC.,<br><br>        Defendant. | Case No: 25-cv-7330-VC<br><br>**DEFENDANT WATERWIPES (USA), INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Assigned to Hon. Vince Chhabria<br><br>Date: November 6, 2025<br>Time: 10:00 a.m.<br>Location:  Courtroom 4, 17th Floor<br><br>Action Filed:  August 29, 2025 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... II

NOTICE OF MOTION TO DISMISS ........................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 2

I.  INTRODUCTION ............................................................................................................ 2

II.  RELEVANT ALLEGED FACTS ................................................................................. 2

III.  ISSUES TO BE DECIDED............................................................................................ 4

IV.  LEGAL STANDARDS .................................................................................................. 5

V.  ARGUMENT .................................................................................................................. 6

    A.  Plaintiffs' Claims are Preempted by the FDCA ............................................... 6

    B.  Plaintiffs Fail to Plausibly Allege that They Have Suffered an Injury in Fact ................. 8

        1.  Plaintiffs Fail to Plausibly Allege that They Have Been Injured by Benzalkonium Chloride .................................................................................... 9

        2.  Plaintiffs Fail to Plead that They Suffered Any Economic Injury ...................... 10

    C.  Plaintiffs Have Not Alleged Facts Plausibly Showing that They Were Deceived.......... 11

    D.  Plaintiffs Fail to Adequately Plead Reliance .................................................................. 12

    E.  Plaintiffs Have Not Identified Any Unlawful Act........................................................... 14

    F.  Plaintiffs Fail to Establish Their Standing for Injunctive Relief .................................... 14

    G.  Plaintiffs Cannot Maintain Claims that Fail to Specify Applicable Law ........................ 15

VI.  CONCLUSION ............................................................................................................. 16

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

### <u>Cases</u>

4

Aloudi v. Intramedic Research Group, LLC,

5
    15-cv-882, 2016 WL 1569981 (N.D. Cal. Apr. 19, 2016) ............................................................ 11

6

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ............................................................................................................................ 5

7

Augustine v. Talking Rain Beverage Co., Inc.,

8
    386 F. Supp. 3d 1317 (S.D. Cal. 2019) ........................................................................................ 15

9

Baker v. Nestle S.A.,

10
    No. 2:18-cv-03097, 2019 WL 960204 (C.D. Cal. Jan. 3, 2019) .................................................... 8

11

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ............................................................................................................................ 5

12

Brown v. Madison Reed, Inc.,

13
    No. 21-cv-1233, 2021 WL 3861457 (N.D. Cal. Aug. 30, 2021) ........................................... 13, 14

14

Bruno v. BlueTriton Brands, Inc.,

15
    No. CV 24-1563, 2024 WL 2794098 (C.D. Cal. May 6, 2024) .................................................... 8

16

Cafasso v. Gen. Dynamics C4 Sys., Inc.,
    637 F.3d 1047 (9th Cir. 2011) ...................................................................................................... 13

17

Cervantes v. Countrywide Home Loans, Inc.,

18
    656 F.3d 1034 (9th Cir. 2011) ...................................................................................................... 16

19

Clapper v. Amnesty Int'l USA,

20
    568 U.S. 398 (2013) ............................................................................................................................ 9

21

Daly v. Danone Waters of America, LLC,
    No. 24 C 2424, 2024 WL 4679086 (N.D. Ill. Nov. 5, 2024) ........................................................ 8

22

Davidson v. Sprout Foods,

23
    106 F.4th 842 (9th Cir. 2024) .......................................................................................................... 6

24

Ebner v. Fresh, Inc.,
    838 F.3d 958 (9th Cir. 2016) ................................................................................................... 11, 12

25

Erickson v. Kimberly-Clark Corp.,

26
    No. 24-cv-07032, 2025 WL 2105830 (N.D. Cal. July 28, 2025) ................................................ 14

27

Foskaris v. Experian Info. Sol'ns, Inc.,

28
    808 F. Appx 436 (9th Cir. 2020) .................................................................................................. 16

Freeman v. Time, Inc.,
  68 F.3d 285 (9th Cir. 1995) ........................................................................................ 11

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,
  528 U.S. 167 (2000) .................................................................................................... 14

Hayden v. Bob's Red Mill Nat. Foods, Inc.,
  No. 23-CV-03862-HSG, 2024 WL 1643696 (N.D. Cal. Apr. 16, 2024) ...................................... 10

Henning v. Luxury Brand Partners, LLC,
  No. 22-CV-07011-TLT, 2023 WL 3555998 (N.D. Cal. May 11, 2023) ................................ 7, 8, 12

In re Gerber Prods. Co. Heavy Metals Baby Food Litig.,
  No. 21-cv-269, 2022 WL 10197651 (E.D. Va. Oct. 17, 2022) ...................................... 11

In re Static Random Access Memory (SRAM) Antitrust Litig.,
  580 F. Supp. 2d 896 (N.D. Cal. 2008) ...................................................................... 16

In re Toyota RAV4 Hybrid Fuel Tank Litig.,
  534 F. Supp. 3d 1067 (N.D. Cal. 2021) .................................................................... 16

In re Trader Joe's Co. Dark Chocolate Litig.,
  726 F. Supp. 3d 1150 (S.D. Cal. 2024) .................................................................... 16

Kane v. Chobani, Inc.,
  973 F. Supp. 2d 1120 (N.D. Cal. 2014) ...................................................................... 5

Kearns v. Ford Motor Co.,
  567 F.3d 1120 (9th Cir. 2009) .................................................................................. 13

Kenney v. Bank of Am., N.A.,
  No. 2:25-CV-02726-MWC-PVC, 2025 WL 1489549 (C.D. Cal. May 23, 2025) ...................... 16

Kimca v. Sprout Foods, Inc.,
  No. 21-cv-12977, 2022 WL 1213488 (D.N.J. Apr. 25, 2022) ...................................... 11

Krakauer v. Recreational Equip., Inc.,
  No. C22-5830 BHS, 2024 WL 1494489 (W.D. Wash. Mar. 29, 2024) .............................. 9, 11

Lavie v. Procter & Gamble Co.,
  105 Cal. App. 4th 496 (2003) .................................................................................. 11

Leite v. Crane Co.,
  749 F.3d 1117 (9th Cir. 2014) .................................................................................... 5

Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.,
  No. 13-CV-01180-BLF, 2014 WL 4774611 (N.D. Cal. Sept. 22, 2014) ............................ 16

Lowe v. Edgewell Pers. Care Co.,
  711 F. Supp. 3d 1097 (N.D. Cal. 2024) ...................................................................... 9

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) ............................................................................................. 8, 9

Lurenz v. Coca-Cola Co.,
    No. 22 Civ. 10941 (NSR), 2024 WL 2943834 (S.D.N.Y. June 10, 2024) ....................... 9

Manzarek v. St. Paul Fire & Marine Ins. Co.,
    519 F.3d 1025 (9th Cir. 2008) .................................................................................... 5

Marder v. Lopez,
    450 F.3d 445 (9th Cir. 2006) ...................................................................................... 6

Miller v. Nature's Path Foods,
    No. 23-cv-5711 (N.D. Cal. Nov. 6, 2023) ............................................................... 2, 12

Miller v. Philips N. Am. LLC, No.,
    24-CV-03781-RFL, 2025 WL 582160 (N.D. Cal. Feb. 20, 2025) ............................. 14, 15

Moore v. Trader Joe's Co.,
    4 F.4th 874 (9th Cir. 2021) ....................................................................................... 11

Nacarino v. Kashi Co.,
    584 F. Supp. 3d 806 (N.D. Cal. 2022) .......................................................................... 6

Pelayo v. Nestle USA, Inc.,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) ........................................................................ 12

Pels v. Keurig Dr. Pepper, Inc.,
    No. 19-cv-3052, 2019 WL 5813422 (N.D. Cal. Nov. 7, 2019) ........................................ 9

Perez v. Nidek Co.,
    711 F.3d 1109 (9th Cir. 2013) ..................................................................................... 6

Phan v. Sargento Foods, Inc.,
    No. 20-CV-09251-EMC, 2021 WL 2224260 (N.D. Cal. June 2, 2021) ........................... 15

Phillips v. U.S. Customs & Border Prot.,
    74 F.4th 986 (9th Cir. 2023) ...................................................................................... 14

Romero v. Flowers Bakeries, LLC,
    No. 14-cv-5189, 2015 WL 2125004 (N.D. Cal. May 6, 2015) ...................................... 13

Safe Air for Everyone v. Meyer,
    373 F.3d 1035 (9th Cir. 2004) ..................................................................................... 5

Simon v. E. Kentucky Welfare Rights Org.,
    426 U.S. 26 (1976) ..................................................................................................... 9

Slowinski v. BlueTriton Brands, Inc.,
    744 F.Supp.3d 867 (N.D. Ill. 2024) ............................................................................. 8

<u>Spokeo Inc. v. Robins,</u>
　578 U.S. 330 (2016) ................................................................................................ 5, 8, 9

<u>Sultanis v. Champion Petfoods USA Inc.,</u>
　No. 21-CV-00162-EMC, 2021 WL 3373934 (N.D. Cal. Aug. 3, 2021)........................................ 15

<u>Thomas v. Costco Wholesale Corp.,</u>
　No. 12-cv-2908, 2014 WL 1323192 (N.D. Cal. Mar. 31, 2014).................................................... 5

<u>Warren v. Fox Fam. Worldwide, Inc.,</u>
　328 F.3d 1136 (9th Cir. 2003)............................................................................................. 12

**Statutes**

21 U.S.C. § 379s ................................................................................................................... 7

**Rules**

FED. R. CIV. P. 9(b) ............................................................................................................. 1, 12

FED. R. CIV. P. 12(b)(1) ....................................................................................................... 1, 5

FED. R. CIV. P. 12(b)(1), 12(b)(6) .............................................................................................. 1

FED. R. CIV. P. 12(b)(6) .......................................................................................................... 5

FED. R. CIV. P. 23 ................................................................................................................ 15

**Regulations**

21 C.F.R. § 700.3 .................................................................................................................. 7

21 C.F.R. § 700.3(e) .......................................................................................................... 7, 12

1

## NOTICE OF MOTION TO DISMISS

2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3
    PLEASE TAKE NOTICE that on November 6, 2025, at 10:00 a.m., or as soon thereafter as
4
this matter may be heard before the Honorable Vince Chhabria in Courtroom 4, Seventeenth Floor of
5
the United States District Court for the Northern District of California, 450 Golden Gate Avenue,
6
San Francisco, CA 94102, Defendant WaterWipes (USA), Inc. ("Defendant" or "WaterWipes") will
7
and hereby does move the Court for an order pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(6) and 9(b)
8
dismissing this action filed by Plaintiffs Sonni Echeverria-Corzan and Laura Denis ("Plaintiffs").
9
This motion will be based upon this Notice; the Memorandum of Points and Authorities attached
10
hereto; the Declaration of Rohit A. Sabnis and accompanying exhibit; judicially noticeable facts
11
referenced in the Memorandum of Points and Authorities; the Complaint in this action; and any
12
additional evidence or argument presented at or before the hearing on this matter.

13
    Defendant respectfully requests that this Court issue an order dismissing all causes of action
14
alleged in Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and lack
15
of subject matter jurisdiction.

16
Dated:  September 24, 2025                KELLER AND HECKMAN LLP

17

18
                                        By: */s/ Rohit A. Sabnis*_____
19
                                            Rohit A. Sabnis
                                            Attorneys for Defendant
                                            WaterWipes (USA), Inc.
20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

This case presents a straightforward question: what is an ingredient?  The Food and Drug Administration has its definition, and that is the definition that Defendant WaterWipes (USA), Inc. ("WaterWipes") used in designing the packaging for its WaterWipes baby and adult care wipes (the "Wipes" or "Product"). Using the FDA's definition of "ingredient," WaterWipes indicates on the front label of the Wipes that they contain "Just 2 ingredients."  That statement is confirmed by the ingredient list on the back of the package, which lists as ingredients "Water (Aqua), Citrus Grandis (Grapefruit) seed extract*".  The asterisk in the ingredient list leads to a disclosure located immediately underneath the ingredients list stating that the grapefruit seed extract ingredient "Contains trace of Benzalkonium Chloride."

Plaintiffs Sonni Echeverria-Corzan and Laura Deniz do not allege that these representations violate any aspect of any FDA regulation.  Instead, they assert that the "Just 2 ingredients" representation is false because the Wipes do not contain two ingredients, but three.  That is, they urge the Court to reject FDA's definition of "ingredient" and substitute another.  What is this extra-regulatory definition?  The Complaint is silent on this issue.  Whatever Plaintiffs' preferred definition is, however, the Complaint hinges on its superiority to that promulgated by FDA.  But FDA is the agency tasked with regulating products such as the Wipes and possessed of the expertise to do so.[1]  As such, and because the Complaint does not otherwise plausibly allege that the Wipes' packaging is deceptive in any manner, the Court should dismiss the Complaint.

**II.   RELEVANT ALLEGED FACTS**

Plaintiffs allege that WaterWipes markets and sells its Wipes throughout the country,

---

[1] That said, Ms. Echeverria-Corzan does have experience as a class action plaintiff.  *See, e.g., Echeverria-Corzan v. Torrid, LLC*, No. 25-cv-6926 (N.D. Cal. Aug. 15, 2025); *Echeverria-Corzan v. Fox Corp.*, No. 25-cv-4253 (N.D. Cal. May 16, 2025); *Echeverria-Corzan v. Dolls Kill, Inc.*, No. 24-cv-2040 (N.D. Cal. Apr. 3, 2024); *Echeverria-Corzan v. Michaels Stores, Inc.*, No. 25-cv-5839 (N.D. Cal. July 11, 2025); *Miller v. Nature's Path Foods*, No. 23-cv-5711 (N.D. Cal. Nov. 6, 2023).  In *Miller*, Ms. Echeverria-Corzan was the second named plaintiff, represented by her counsel here, alleging that packaging for breakfast and snack products was misleading in that it violated FDA regulations.

representing to consumers that its Wipes are made with "just 2 ingredients."  (Complaint, Dkt. No. 1

("Compl.") at ¶¶ 1, 13, 27).  However, Plaintiffs allege that the Wipes "instead include a third

ingredient," benzalkonium chloride.  (*Id.* at ¶ 2.)  This allegation is not based on any testing by

Plaintiffs, or even testing conducted by a third party, but rather the disclosure contained immediately

underneath the ingredients listing on the back of the Wipes' packaging:



INGREDIENTS:
Water (Aqua), Citrus Grandis (Grapefruit) seed extract*
*Contains trace of / Contient une trace de / Contiene traza de
Benzalkonium Chloride.

(*Id.* at ¶ 23.)  The Complaint does cite a *Consumer Reports* article that tested various wipes for "lead

and several other heavy metals; bacteria and other microbes; parabens, . . . formaldehyde and 1,4-

dioxane"—but not benzalkonium chloride.  *Consumer Reports'* testing detected none of any of these

substances.[2]  The article does not say whether any WaterWipes products were tested at all but

merely notes the ingredient list's disclosure that the grapefruit seed extract used in the Wipes

contains a trace of benzalkonium chloride.  Because Plaintiffs possess no testing of the Wipes, they

make no allegation as to how much benzalkonium chloride might be present in the Wipes.

The Complaint notes (repeatedly) that the Wipes are advertised as containing "99.9% water

& a drop of fruit extract."  (Compl. at ¶¶ 2, 3, 13, 14, 15, 24, 27, 29, 34, 51, 57, 68, 80, 87, 96.)

Across the 15 paragraphs of the Complaint that repeat this allegation, however, no challenge is made

to the truth of this representation except to say that the "fruit extract" contains a "third ingredient."

That is to say that the Complaint admits that the Wipes contain only 0.1% grapefruit seed extract,

and the total benzalkonium chloride content is a "trace" of this 0.1%.

This is important, because Plaintiffs' allegations depend on the idea that there is some injury

associated with the (disclosed) presence of benzalkonium chloride in the Wipes.  Plaintiffs cite

several scientific and popular articles attempting to show health risks posed by the substance but

---

[2] Exhibit 1 to Decl. of R. Sabnis, S. Cook, "How to Choose Baby Wipes Without Harmful
Chemicals," *Consumer Reports* (Oct. 26, 2023), at https://www.consumerreports.org/babies-
kids/baby-wipes/how-to-choose-baby-wipes-without-harmful-chemicals-a1051850790/ (cited at
Compl. at fn 6).

make no allegation as to the amount or concentration required to increase an individual's risk of any of the parade of horribles the Complaint presents.  (*See id.* at ¶¶ 17–20.)

Plaintiffs do allege that "neither fruit extract nor grapefruit seed extract naturally contain[s] benzalkonium chloride."  (*Id.* at ¶ 25.)  The Complaint does not explain what the relevance (or the meaning) of this allegation might be but suggests that it is the basis for the conclusion that "benzalkonium chloride is in fact a third ingredient."  (*Id.*)

Plaintiffs' allegations regarding their own purchases are only slightly more detailed:  the Complaint alleges that Ms. Deniz purchased "the Product" in June 2024 and January 2025, while Ms. Echeverria-Corzan purchased it in April 2025.  (*Id.* at ¶¶ 29, 34.)[3]  But the Complaint defines "the Products" as "Water Wipes brand baby wipes and adult wipes."  (*Id.* at ¶ 12.)  The Complaint does not say which WaterWipes product(s) Plaintiffs actually purchased, including whether either Plaintiff actually purchased the 720-count pack of Wipes depicted in the Complaint.  (*Id.* at ¶ 13.) Nor does the Complaint make any allegations as to Plaintiffs' reliance on WaterWipes' representations, except to state in conclusory fashion that each Plaintiff "relied on Defendant's labeling that the Water Wipes contained 'Just 2 ingredients' alongside '99.9% water' '& a drop of fruit extract.'"  (*Id.* at ¶¶ 29, 34.)  Although the Complaint cites language allegedly used on WaterWipes' website and Amazon page, the Complaint does not allege that either Plaintiff saw any of this language at or before the time of purchase.  (*Compare id.* at ¶¶ 14–15 *with id.* at ¶¶ 29, 34.)

Plaintiffs bring their Complaint on behalf of a nationwide class of similarly situated individuals, as well as on behalf of a California subclass.  (*Id.* at ¶ 39.)  They seek class certification, injunctive relief, restitution, disgorgement, and damages.

## III.    ISSUES TO BE DECIDED

1.  Are Plaintiffs' claims preempted by the Food, Drug, and Cosmetic Act?

2.  Do Plaintiffs plausibly allege standing for their claims?

3.  Do Plaintiffs plausibly allege deception?

---

[3] The Complaint also alleges that Ms. Echeverria-Corzan "concurrently files herewith a declaration, attached as Exhibit A" addressing her purchases (Compl. at ¶ 10), but Plaintiffs filed no exhibits with the Complaint except for the Civil Cover Sheet.

1      4.  Do Plaintiffs plausibly allege reliance?

2      5.  Do Plaintiffs plausibly allege an unlawful act?

3      Can Plaintiffs maintain claims under unspecified state laws?

4  **IV.  LEGAL STANDARDS**

5      To survive a motion to dismiss under FED. R. CIV. P. 12(b)(1) for lack of standing, a plaintiff

6  must present sufficient facts showing that she has: "(1) suffered an injury in fact, (2) that is fairly

7  traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

8  favorable judicial decision." *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The plaintiff bears

9  the burden of proof and must specifically allege facts establishing each element.  *Id.*[4]

10      In a facial Rule 12(b)(1) jurisdictional attack, "the challenger asserts that the allegations

11  contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for*

12  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citation omitted).  A court

13  deciding a facial challenge to a plaintiff's standing resolves the challenge "as it would a motion to

14  dismiss under Rule 12(b)(6)."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

15      Under FED. R. CIV. P. 12(b)(6), a district court must dismiss a complaint if it fails to state a

16  claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff

17  must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

18  *Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to

19  allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."

20  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must provide "more than labels and

21  conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*,

22  550 U.S. at 555.  On a motion to dismiss, the court accepts as true a plaintiff's well-pled factual

23  allegations and construes all factual inferences in the light most favorable to the plaintiff.  *Manzarek*

24  *v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

25

26

27  [4] California's consumer protection statutes incorporate the same "Article III standing requirements, but additionally require that the plaintiff plead an economic injury." *Thomas v. Costco Wholesale Corp.*, No. 12-cv-2908, 2014 WL 1323192, at *4 (N.D. Cal. Mar. 31, 2014) (discussing injury requirements under the UCL and FAL); *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1126 (N.D.

28  Cal. 2014) (discussing injury requirements the FAL and CLRA).

When a plaintiff cites to additional material as authoritative to buttress the allegations in a complaint, the court may review that material to consider whether it in fact provides the support the plaintiff asserts. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

## V. ARGUMENT

The Court should dismiss the Complaint because of thoroughgoing deficiencies that afflict all the claims Plaintiffs advance. All their claims are preempted by the Food, Drug, and Cosmetic Act, because the Wipes' labeling conforms with the requirement of that law. Plaintiffs further fail to plausibly allege an injury in fact and thus to establish their standing to bring this lawsuit, as the Complaint does not allege either an amount of benzalkonium chloride present in the Wipes or a safety threshold for its presence. Plaintiffs also fail to allege facts showing that they were reasonably deceived or relied on the packaging statements they challenge. Each of these deficiencies is an independently sufficient ground for dismissing the entire Complaint.

Further, Plaintiffs fail to plausibly allege that WaterWipes has committed an unlawful act, as required for Plaintiffs' claim under the "unlawful" prong of the California Unfair Competition Law and fail to specify the law applicable to Claims IV–VI, for "fraud, deceit, and/or misrepresentation," negligent misrepresentation, and unjust enrichment, respectively. These deficiencies represent additional bases for dismissing these claims.

### A.    Plaintiffs' Claims are Preempted by the FDCA

The basic outlines of the preemption doctrine under the Food, Drug, and Cosmetic Act have been long established: a plaintiff "must be suing for conduct that *violates* the FDCA," or else the claim is subject to the express preemption provision of the FDCA, but "the plaintiff must not be suing *because* the conduct violates the FDCA," which provides for no private right of action. *Perez v. Nidek Co.*, 711 F.3d 1109, 1120 (9th Cir. 2013). As this Court put it, "the FDCA preempts all state causes of action that are 'not identical to' the federal requirements." *Nacarino v. Kashi Co.*, 584 F. Supp. 3d 806, 809 (N.D. Cal. 2022). "If they do, any state law claim is preempted." *Id.*

The Ninth Circuit's decision last year in *Davidson v. Sprout Foods* did not change this basic principle, but only addressed the private right of action to enforce standards identical to those of the FDCA established under state law by California's Sherman Act. 106 F.4th 842, 849 (9th Cir. 2024).

Here, Plaintiffs have not alleged that any of the Wipes' labeling violates the FDCA and, as a result, their claims—each of which is based in state law—are preempted.

The Wipes are a "cosmetic," and 21 C.F.R. § 700.3 provides the definitions applicable to such products. Under subsection (e) of that regulation, an "ingredient" is "any single chemical entity or mixture used as a component in the manufacture of a cosmetic product." The Wipes' labeling complies with the FDCA because the statements that the Wipes' solution contains "just two ingredients"—"99.9% water & a drop of fruit extract" truthfully and accurately represent the Wipes' "ingredients" as defined and required to be disclosed under the FDCA. These statements make no characterization of the ingredients, but merely report on the front of the package the same information the FDCA requires to be disclosed as to the ingredients on the back.

Plaintiffs appear to allege that there is in fact a "third ingredient" in the Wipes' solution because, they allege, "neither fruit extract nor grapefruit seed extract naturally contain benzalkonium chloride." (Compl. at ¶ 25.) But whatever understanding Plaintiffs may have of what it means for a substance to "naturally contain" a particular chemical, there is nothing in the FDCA's definition of "ingredient" that would reflect that understanding. Rather, the FDCA's definition asks merely whether a substance is "used as a component in the manufacture" of a product—and the Complaint contains no allegation that benzalkonium chloride is used in this way.

All botanical ingredients, including grapefruit seed extract, contain a large number of constituent compounds. Grapefruit seed extract itself contains various tocopherols, phytosterols, polyphenols, and carotenoids, among other things. Even chemically pure water self-ionizes into hydroxide and hydronium. Yet none of these substances is an "ingredient" under Section 700.3(e) because none is "used as a component in the manufacture" of the Wipes. A claim that merely restates on the front label the number of ingredients required to be disclosed on the back label does not add to or characterize in any way the FDCA-required ingredient disclosure. Accordingly, it cannot be considered misleading. *Henning v. Luxury Brand Partners, LLC*, No. 22-CV-07011-TLT, 2023 WL 3555998, at *6 (N.D. Cal. May 11, 2023) ("Thus, to find the labels on the Products to be misleading, the factfinder must necessarily find that an ingredients list that complies with the FDCA is misleading. Such a result would violate the express preemption statute in 21 U.S.C. § 379s.").

1    The Complaint asks the Court to add to the FDA's definition a requirement that any

2    substance present in a cosmetic and not "naturally contained" within a listed ingredient be listed as

3    an additional ingredient.  But adding requirements to a statute in this way is not, of course, the

4    Court's job, nor is it Plaintiffs' prerogative.

5    Further, it is important that Plaintiffs' claims are based on WaterWipes' disclosure, not any

6    testing.  That fact sharply distinguishes this case from those holding that the FDCA does not require

7    disclosure of trace impurities.  *See, e.g., Henning*, 2023 WL 3555998 (N.D. Cal. May 11, 2023).  In

8    *Henning*, another court in this district dismissed allegations that the impurity benzene should be

9    disclosed, characterizing those claims as "essentially seek[ing] to add a requirement for benzene to

10   be disclosed" on a shampoo ingredients list.  *Id.* at *5.  Because the FDCA did not require such

11   disclosure, the court found the claims to be expressly preempted.  *Id.*  Other courts in this circuit and

12   others have repeatedly refused plaintiffs' attempts to substitute their own definitions for those

13   established by regulation.  *See, e.g., Bruno v. BlueTriton Brands, Inc.*, No. CV 24-1563, 2024 WL

14   2794098 (C.D. Cal. May 6, 2024) (finding claims preempted where they conflicted with a standard

15   of identity); *Baker v. Nestle S.A.*, No. 2:18-cv-03097, 2019 WL 960204 (C.D. Cal. Jan. 3, 2019)

16   (same); *Slowinski v. BlueTriton Brands, Inc.*, 744 F.Supp.3d 867 (N.D. Ill. 2024) (same); *Daly v.

17   Danone Waters of America, LLC*, No. 24 C 2424, 2024 WL 4679086 (N.D. Ill. Nov. 5, 2024)

18   (same).

19   Here, not only does the Wipes' packaging comply with the FDCA, it also discloses the

20   presence of the substance Plaintiffs complain of.  Plaintiffs are not suing "for conduct that *violates*

21   the FDCA," and so their claims are expressly preempted under the FDCA.

22   **B.    Plaintiffs Fail to Plausibly Allege that They Have Suffered an Injury in Fact**

23   Article III requires, for all of Plaintiffs' claims, that they allege that they have "suffered an

24   injury in fact."  *Spokeo*, 578 U.S. at 338.  To adequately allege an injury in fact, plaintiffs must

25   demonstrate that they suffered "an invasion of a legally protected interest," which is "concrete and

26   particularized," and "actual or imminent, not 'conjectural' or 'hypothetical.'"  *Lujan v. Defenders of

27   Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).

28   "Particularization is necessary to establish an injury in fact," and for "an injury to be

'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 561, n.1). Thus, "mere speculation" that an injury did or might occur "cannot satisfy the requirement that any injury in fact must be fairly traceable to" the alleged wrongdoing of a defendant. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410–11 (2013). Plaintiffs cannot meet this standard by relying on "[s]peculative inferences . . . to connect their injury to the challenged actions." *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 45 (1976).

**1. Plaintiffs Fail to Plausibly Allege that They Have Been Injured by Benzalkonium Chloride**

As repeatedly pointed out above, Plaintiffs have not conducted testing on the specific wipes they purchased, or any Wipes for that matter. This lawsuit is based not on any alleged concealment by WaterWipes, but on a disclosure—that the grapefruit seed extract it uses in the Wipes contains a trace of the chemical benzalkonium chloride. Because Plaintiffs have not tested any Wipes for the presence of benzalkonium chloride, the Complaint contains no allegations as to the amount of the chemical that may have been in any specific wipes they purchased. Without such an allegation, Plaintiffs cannot plausibly allege that they have suffered any injury.

Typically, lawsuits alleging that a contaminant or impurity has been discovered in a consumer product hinge significantly on plaintiffs' testing. Case law developed in this and other circuits have scrutinized such testing to determine whether it is sufficient to show that contaminant is "pervasive" or "systemic." *Lurenz v. Coca-Cola Co.*, No. 22 Civ. 10941 (NSR), 2024 WL 2943834, at *3 (S.D.N.Y. June 10, 2024); *see also Lowe v. Edgewell Pers. Care Co.*, 711 F. Supp. 3d 1097, 1104 (N.D. Cal. 2024) (dismissing complaint where testing allegations were "cursory" and provided insufficient "specificity"); *Pels v. Keurig Dr. Pepper, Inc.*, No. 19-cv-3052, 2019 WL 5813422, at *5 (N.D. Cal. Nov. 7, 2019) (plaintiff failed to plausibly allege that the water he purchased contained elevated arsenic levels); *Krakauer v. Recreational Equip., Inc.*, No. C22-5830 BHS, 2024 WL 1494489, at *4-8 (W.D. Wash. Mar. 29, 2024) (extensively discussing various testing performed by plaintiff's counsel and third parties and ultimately dismissing complaint based on shortcomings).

Courts delve deeply in their examination of such testing because it is so important to establishing a plaintiff's injury in fact. There is a significant difference between test results showing

the presence of contaminants at a test's limit of detection and those showing levels several times applicable safety limits established by public health authorities.  It is for this reason that courts require plaintiffs not only to plead facts plausibly showing that a products purchased by plaintiffs contained a particular amount of a chemical, but also facts plausibly showing that the level shown could cause material harm to consumers.  *See, e.g., Hayden v. Bob's Red Mill Nat. Foods, Inc.*, No. 23-CV-03862-HSG, 2024 WL 1643696, at *7–8 (N.D. Cal. Apr. 16, 2024) (where a complaint fails to connect alleged levels of a contaminant in a product to levels known to cause harm, the complaint lacks a plausible basis to conclude that products pose a risk to health).

Plaintiffs' Complaint fails to allege any of these relevant and necessary facts.  The only allegation in the Complaint addressing the level of benzalkonium chloride that might pose a health risk to consumers is the allegation that "the repeated exposure of even a small amount of benzalkonium chloride can lead to a lifetime of skin problems."  (Compl. at ¶ 18.)  But the Complaint does not say what might constitute "repeated exposure," what a "small amount" is, whether "small amount" is determined by concentration or absolute amount, or what difference route of administration might have.  Even if the Complaint were to address these questions, Plaintiffs' lack of testing prevents them from alleging that the level of benzalkonium chloride in the Wipes exceeds any relevant safety threshold.

Because Plaintiffs fail to allege sufficient facts to show that they suffered harm from benzalkonium chloride in the Wipes, they have failed to plausibly allege that the Product exposed them to any risk of injury.  Consequently, the Court should dismiss all of their claims.

## 2.   Plaintiffs Fail to Plead that They Suffered Any Economic Injury

Plaintiffs also fail to adequately plead that they suffered economic injury by paying more for the Product than they otherwise would have.  Courts require more of a plaintiff attempting to plead a "price premium" injury than mere recitations, such as those here, that each Plaintiff "would not have purchased [the Wipes], or at a minimum, she would have paid less," but for WaterWipes' alleged misrepresentations.  (Compl. at ¶¶ 32, 37.)

One court in this circuit recently dismissed a complaint alleging the presence of PFAS in a raincoat, explaining that the plaintiff's "bald assertion that he would have paid less or not purchased

the raincoat is unaccompanied by facts showing what cheaper alternative products he might have purchased." *Krakauer*, 2024 WL 1494489, at *6. Courts in other circuits have done the same. *See, e.g., Kimca v. Sprout Foods, Inc.*, No. 21-cv-12977, 2022 WL 1213488, at *8 (D.N.J. Apr. 25, 2022) (dismissing complaint that failed to identify any "comparable, cheaper, or safer products" to support price premium theory of injury); *In re Gerber Prods. Co. Heavy Metals Baby Food Litig.,* No. 21-cv-269, 2022 WL 10197651, at *10 (E.D. Va. Oct. 17, 2022) (same) (cleaned up).

Like the plaintiffs in those cases, Plaintiffs fail to make any allegations concerning how much they paid for the Wipes they allegedly bought, what other wipes they may have bought instead and the prices at which those wipes were offered. Thus they have failed to allege facts that would show that they suffered an economic injury. Because of this failure, they have failed to allege facts plausibly showing that they have suffered an injury in fact, and all of their claims must be dismissed.

### C.    Plaintiffs Have Not Alleged Facts Plausibly Showing that They Were Deceived

Even if Plaintiffs had alleged the sort of facts necessary to show that they had been injured by the presence of benzalkonium chloride in the Wipes, the Complaint would still be deficient in its failure to allege facts which, if taken as true, would show that they were reasonably deceived by representations made by WaterWipes. Because each of Plaintiffs' claims are based in such a deception, this is an independent basis for dismissing them all. *See, e.g., Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (affirming dismissal of claims for violation of the California Consumers Legal Remedies Act, the False Advertising Law, Unfair Competition Law, and unjust enrichment claims based on failure to plausibly plead consumer deception); *Aloudi v. Intramedic Research Group, LLC*, 15-cv-882, 2016 WL 1569981, at *2 (N.D. Cal. Apr. 19, 2016), *aff'd*, 729 Fed. Appx. 514 (9th Cir. 2017) (dismissing CLRA, FAL, and UCL claims on the same basis).

Showing such deception "is not a negligible burden." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021). A plaintiff must plead "more than a mere possibility that [the] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner*, 838 F.3d at 965 (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). "Rather, [it] requires a probability 'that a significant portion of reasonable consumers, acting reasonably in the

circumstances, could be misled." *Ebner*, 838 F.3d at 965.  Dismissal is appropriate where the court finds that "members of the public are not likely to be deceived by the product packaging."  *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (collecting cases).

Although the Complaint contains repeated assertions as to what a "reasonable consumer" would think (at ¶¶ 3, 14, 24, 25, 57, 59), a court does not assume the truth of legal conclusions cast in the form of factual allegations in ruling on a motion to dismiss.  *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  However, as discussed above, FDA regulation establishes, as a matter of law, that a reasonable consumer would not be misled by the representations challenged here.  *See Henning*, 2023 WL 3555998, at *6.  That is because, under 21 C.F.R. § 700.3(e), the Wipes contain exactly two ingredients.  There are two substances that qualify as a "single chemical entity or mixture used as a component in [their] manufacture":  water and grapefruit seed extract.  To be sure, the grapefruit seed extract contains a number of components but, as discussed above, none of these is an "ingredient" under Section 700.3(e).

Because the challenged statements do not add to or characterize the FDCA-required ingredients disclosure, and because the ingredients disclosure complies with the FDCA, the challenged statements cannot be considered misleading.[5]  As a result, the Court should dismiss the Complaint in its entirety.

### D.    Plaintiffs Fail to Adequately Plead Reliance

Claims sounding in fraud, as with each claim in the Complaint, must meet the plausibility standard established by *Iqbal* and *Twombly* as well as the heightened FED. R. CIV. P. 9(b) pleading standard.  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).  Where

---

[5] There is an additional irony here in Ms. Echeverria-Corzan's allegation that she was reasonably deceived by conduct in full compliance with the FDCA:  less than two years ago, Ms. Echeverria-Corzan was a named plaintiff in another putative class action, represented by the same counsel who represents Plaintiffs here, alleging that packaging for breakfast and snack products was misleading where it violated FDA regulations by making front-label claims regarding the amount of protein the products contained while failing to provide in the Nutrition Facts Panel a daily value percentage for protein.  Compl., *Miller v. Nature's Path Foods*, No. 23-cv-5711 (N.D. Cal. Nov. 6, 2023).  The filing of *Miller* shows that Ms. Echeverria-Corzan is quite familiar with the intricacies of FDA regulations, and that case was based on a far more obscure regulation than the definition of "ingredient."

fraud is an essential element of a claim, a plaintiff must "state with particularity the circumstances constituting fraud," including "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  Such claims must be supported by allegations "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge."  *Id.*  Plaintiffs' allegations fall far short of this standard.

Plaintiffs' allegations regarding their purchases are at best illusory.  The Complaint alleges that Ms. Deniz purchased the Wipes "on multiple occasions, including on or about June 2024 and January 2025."  (Compl. at ¶ 29.)  The Complaint does not clarify whether this alleges two purchases (in the two months named) or continual purchases (as suggested by the "multiple occasions" language).  Similarly, the Complaint states that Ms. Echeverria-Corzan purchased the Wipes "on several occasions, including on or around April 2025."  (*Id.* at ¶ 34.)  The Complaint also fails to state which WaterWipes product(s) Plaintiffs actually purchased, including whether either Plaintiff actually purchased the 720-count pack of Wipes depicted in the Complaint.  (*Id.* at ¶ 13.)

The Complaint does not say what, if any, WaterWipes advertising either Plaintiff saw before or while purchasing the Wipes.  Instead, it states in conclusory fashion that each Plaintiff "relied on Defendant's labeling that the Water Wipes [*sic*] contained 'Just 2 ingredients' alongside '99.9% water' '& a drop of fruit extract.'"  (*Id.* at ¶¶ 29, 34.)  The Complaint does not say whether Plaintiffs viewed these claims on the Wipes' packaging or elsewhere.  Although the Complaint cites language allegedly used on WaterWipes' website and Amazon page, it does not allege that either Plaintiff saw those pages at or before the time of purchase.  (*Compare id.* at ¶¶ 14–15 *with id.* at ¶¶ 29, 34).

Because of the incompleteness of Plaintiffs' allegations regarding their purchases and what, if any, packaging they viewed prior to making those purchases, the Complaint fails to make allegations "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge."  As a result, Plaintiffs have failed to adequately plead reliance.

A plaintiff asserting claims sounding in fraud must also "articulate a plausible theory of reliance, explaining what representations she relied upon and why."  *Romero v. Flowers Bakeries, LLC*, No. 14-cv-5189, 2015 WL 2125004, at *4 (N.D. Cal. May 6, 2015).  Making general or conclusory allegations does not meet this standard.  *See, e.g., Brown v. Madison Reed, Inc.*, No. 21-

1    cv-1233, 2021 WL 3861457, at *1 (N.D. Cal. Aug. 30, 2021) (finding inadequate general allegation

2    of reliance on defendant's website and packaging that allegedly misrepresented the product).

3          Plaintiffs fail to meet this standard as well:  nowhere do Plaintiffs provide any explanation of

4    how the representations identified in the Complaint led them to believe that the Wipes were free of

5    the benzalkonium chloride the presence of which is disclosed on the Wipes' packaging.  Because

6    Plaintiffs fail to plead WaterWipes' allegedly fraudulent conduct with particularity, and because

7    Plaintiffs fail to adequately plead reliance on any advertising representations made by WaterWipes,

8    their claims must be dismissed.

9          **E.    Plaintiffs Have Not Identified Any Unlawful Act**

10         The California Unfair Competition Law also prohibits "unlawful" business acts.  Cal. Bus. &

11   Prof. Code § 17200.  Showing a violation of this prong of the UCL requires showing that a

12   defendant violated another law.  *Erickson v. Kimberly-Clark Corp.*, No. 24-cv-07032, 2025 WL

13   2105830, at *5 (N.D. Cal. July 28, 2025).  Plaintiffs allege that WaterWipes violated the UCL's

14   prohibition on "unlawful" business acts by violating the California Consumers Legal Remedies Act,

15   the False Advertising Law, and the Environmental Marketing Claims Act.  (Compl. at ¶ 69).

16         Because, as above, Plaintiffs fail to adequately allege that WaterWipes violated the CLRA or

17   the FAL, and because the Complaint contains no explanation of how WaterWipes may have violated

18   the Environmental Marketing Claims Act, Plaintiffs' claim under the "unlawful" prong of the UCL

19   must also be dismissed.

20         **F.    Plaintiffs Fail to Establish Their Standing for Injunctive Relief**

21         A plaintiff "must demonstrate standing separately for each form of relief sought."  *Phillips v.*

22   *U.S. Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) (citing *Friends of the Earth, Inc. v.*

23   *Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)).  "However, a plaintiff who has

24   standing to seek damages for a past injury does not necessarily have standing to seek prospective

25   relief," but must show that there is a "substantial risk" of the harm's recurrence.  *Id.* (cleaned up).

26   Put differently, "to satisfy the standing requirement for injunctive relief, Plaintiffs must plausibly

27   allege that they desire to purchase the Products again in the future, if labeled correctly."  *Miller v.*

28   *Philips N. Am. LLC*, No. 24-CV-03781-RFL, 2025 WL 582160, at *4 (N.D. Cal. Feb. 20, 2025).

1    In *Miller*, another court in this district found inconsistent allegations in the complaint, some

2  asserting plaintiffs' desire to repurchase the products if they were "safe" and if the labels allowed

3  plaintiffs to make fully information decisions, while other allegations made clear that consumers

4  "consider the safety of the Products to be material and central to the Products' function," and that

5  "consumers do not desire to purchase feeding device products that expose vulnerable children to

6  dangers such as exposure to microplastics."  *Id.*  In light of these inconsistencies, the court found that

7  plaintiffs had "failed to make a plausible allegation" to establish their standing for injunctive relief,

8  and dismissed the plaintiffs' claims for such relief.

9    So too here.  On the one hand, Plaintiffs allege that they "continue to desire to purchase the

10  product" and "regularly shop at stores and online retailers where the Products and other wipes are

11  sold."  (Compl. at ¶¶ 33, 38.)  On the other hand, the crux of the Complaint is that exposure to

12  benzalkonium chloride is harmful to human health even in "a small amount," whatever that might

13  be.  (*Id.* at ¶ 18.)  Given these allegations, and notwithstanding the boilerplate recitals of Paragraphs

14  33 and 38, it is clear that Plaintiffs "do[] not have a desire to repurchase these Products . . .

15  regardless of the disclosure provided."  *Miller*, 2025 WL 582160, at *4.  Indeed, unlike *Miller*, here

16  the disclosure is already provided!  Accordingly, Plaintiffs lack standing to pursue injunctive relief,

17  and the Complaint must be dismissed as to all claims for injunctive relief.

18    **G.    Plaintiffs Cannot Maintain Claims that Fail to Specify Applicable Law**

19    Counts IV–VI of the Complaint allege claims for "fraud, deceit, and/or misrepresentation,"

20  negligent misrepresentation, and unjust enrichment, each without specifying any applicable law.

21  Where Plaintiffs bring their Complaint on behalf of a nationwide class, the variation that exists

22  among various states' laws will make it impossible for Plaintiffs to satisfy the requirements of FED.

23  R. CIV. P. 23.  It is appropriate to dispose of these class allegations at the pleading stage.  *Sultanis*,

24  2021 WL 3373934, at *7; *see also Phan v. Sargento Foods, Inc.*, No. 20-CV-09251-EMC, 2021 WL

25  2224260, *6 (N.D. Cal. June 2, 2021); *Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp.

26  3d 1317, 1333 (S.D. Cal. 2019) (holding that "Plaintiffs' failure to identify which state laws govern

27  their common law claims means the claims brought on behalf of the nationwide class have not been

28  adequately pled.").

These claims should be dismissed at the pleading stage because it is impossible to determine from the Complaint what law applies to them. "Neither the Defendant nor the Court should have to speculate as to the legal basis for a claim particularly when assessing whether claims on behalf of a nationwide class should be dismissed." *In re Trader Joe's Co. Dark Chocolate Litig.*, 726 F. Supp. 3d 1150, 1174 (S.D. Cal. 2024). Because Plaintiffs fail to identify the law under which each of these claims is brought, "the Court cannot assess whether the claim has been adequately plead." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008); *see also Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, No. 13-CV-01180-BLF, 2014 WL 4774611, at *11 (N.D. Cal. Sept. 22, 2014) (dismissing unjust enrichment claim); *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1122 (N.D. Cal. 2021) (granting motion to dismiss unjust enrichment claim as to unnamed non-California plaintiffs). As a result, they should be dismissed. Finally, Plaintiffs' unjust enrichment claim relies on the same allegations and is entirely duplicative of her other causes of action. This constitutes an additional basis for the dismissal of this claim. *Kenney v. Bank of Am., N.A.*, No. 2:25-CV-02726-MWC-PVC, 2025 WL 1489549, at *7 (C.D. Cal. May 23, 2025).

## VI.    CONCLUSION

For the reasons stated above, WaterWipes respectfully requests that the Court dismiss Plaintiffs' Complaint. WaterWipes additionally requests that the dismissal be with prejudice in light of the futility of amendment. *See Foskaris v. Experian Info. Sol'ns, Inc.*, 808 F. Appx 436, 440 (9th Cir. 2020) (affirming denial of leave to amend complaint where plaintiff "fail[ed] to explain how he would cure the deficiencies in his pleading"); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041, 1047 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

Dated:  September 24, 2025

KELLER AND HECKMAN LLP

By: */s/ Rohit A. Sabnis*
    Rohit A. Sabnis
    Attorneys for Defendant
    WaterWipes (USA), Inc.