UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNI ECHEVERRIA-CORZAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WATERWIPES (USA) INC.,<br><br>　　　　　Defendant. | Case No. 25-cv-07330-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 10 |

　　　　The motion to dismiss is denied. This ruling assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

　　　　The parties' briefs focus primarily on whether or not Benzalkonium Chloride (BAC) is an "ingredient" that must be disclosed under the relevant federal regulations. But it is not clear whether that matters at this stage. To the extent that the plaintiffs' theory is premised on nondisclosure under the federal regulations, that would raise a potential preemption issue. *See Perez v. Nidek Co.*, 711 F.3d 1109, 1119–20 (9th Cir. 2013) (holding that a fraud by omission claim resting solely on nondisclosure under federal law is impliedly preempted). But regardless of whether BAC is an ingredient under the federal regulations, it can still be misleading to have a front label that says the product only contains two ingredients, water and a drop of fruit juice, when, in fact, it also may traces of a harmful chemical. Under these circumstances, a reasonable consumer could find the statement on the front label deceptive, even if BAC does not qualify as an "ingredient" that must be included on the ingredients list under the federal regulations.

Apart from preemption, WaterWipes argues that the plaintiffs have not adequately pled their fraud claims.[1] Although the plaintiffs could have better articulated their theory, the complaint sufficiently explains what is misleading about WaterWipes's statements. *See Bodenburg v. Apple Inc.*, 146 F.4th 761, 771 (9th Cir. 2025). The plaintiffs allege that WaterWipes's front labeling, which says that the wipes only contain water and a drop of fruit extract, is deceptive because it would lead a reasonable consumer to think the product does not contain any chemicals, notwithstanding the fact that it may contain trace amounts of a chemical that is alleged to be harmful. Nor does the disclosure of the chemical in fine print on the back label cure the problem. *Whiteside v. Kimberly Clark Corporation*, 108 F.4th 771, 782 (9th Cir. 2024) (reasonable consumers would not necessarily read the back label where the front label makes an unambiguous representation); *Locklin v. StriVectin Operating Company, Inc.*, 2022 WL 867248, at *3 (N.D. Cal. Mar. 23, 2022) (rejecting that a misleading front-label claim can be cured with a fine-print disclosure on the back).

Additionally, the plaintiffs have sufficiently pled reliance and economic injury to establish standing because they allege that they would not have purchased the wipes, or would not have purchased them at the price they paid, absent WaterWipes's front-label claims. *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020–21 (9th Cir. 2020). The plaintiffs have also adequately pled standing to pursue injunctive relief because they allege that they would like to buy WaterWipes products in the future but cannot do so unless WaterWipes changes its deceptive labeling. At this stage, these allegations are sufficient. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018).

Finally, WaterWipes asserts that the plaintiffs cannot maintain their claims for "fraud, deceit, and/or misrepresentation," negligent misrepresentation, and unjust enrichment because they have not specified the applicable law. Because both named plaintiffs are California residents

---

[1] WaterWipes also asserts that the plaintiffs' unlawfulness claim under California's Unfair Competition Law fails because the plaintiffs do not adequately allege a predicate violation of another law. But as discussed here, the plaintiffs adequately allege deception under the Consumer Legal Remedies Act. Thus, the derivative UCL claim is also adequately pled.

and purchased WaterWipes's products in California, there is every reason to assume that California common law applies to these claims. But if the parties believe some other law should apply, they can raise the issue at summary judgment or at class certification, whichever comes first.

**IT IS SO ORDERED.**

Dated: December 10, 2025

VINCE CHHABRIA
United States District Judge